IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

VICTOR MUNOZ,

Defendant.

CRIMINAL FILE NO.
1:18-CR-234-5-TWT

# ORDER

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 141] of the Magistrate Judge recommending denying the Defendant's Motion to Dismiss For Speedy Trial Violation and Alternatively to Dismiss on Double Jeopardy Grounds [Doc. 114], Motion to Suppress Wiretap Evidence [Doc. 117], and Motion to Suppress Wiretap Evidence Requesting Production of Predecessor Applications and Line Sheets [Doc. 124]. The Defendant's Objections largely consist of repeating the arguments rejected by the Magistrate Judge in his thorough and well-reasoned Report and Recommendation. To establish a due process violation based on the government's delay in bringing an indictment, even where, as here, it was filed within the applicable statute of limitations, the defendant must "establish both (1) that the delay actually prejudiced his defense and (2) that it resulted from a deliberate design by the government to gain a tactical advantage over him."

*United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016). The Defendant has shown neither actual prejudice nor deliberate design by the Government to gain a tactical advantage over the Defendant . The Magistrate Judge properly rejected the Defendant's Double Jeopardy claim after properly analyzing the factors set forth in *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978). In particular, the Defendant has not shown any common actor—other than himself—who participated in the two alleged conspiracies. He proffers no information, much less evidence, to suggest that any of the co-conspirators charged in this case were also co-conspirators in the Texas case. In his Motion to Suppress, the Defendant states that he is not listed as a target on any wiretap application and there is no indication that he was a party to any intercepted communication. He therefore concedes that he lacks standing to challenge the interceptions in this case.  As a result, the motion should be denied to the extent that he seeks to suppress intercepted communications. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Dismiss For Speedy Trial Violation and Alternatively to Dismiss on Double Jeopardy Grounds [Doc. 114], Motion to Suppress Wiretap Evidence [Doc. 117], and Motion to Suppress Wiretap Evidence Requesting Production of Predecessor Applications and Line Sheets [Doc. 124] are DENIED.

SO ORDERED, this 4 day of August, 2020.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge